L. C. HENDERSHOTT v. THE WESTERN UNION TELEGRAPH
COMPANY, Appellant.

Expert Opinions: BASIS. The absence of evidence as to facts which
    might assist expert witnesses in giving more satisfactory an-
    swers to hypothetical questions will not prohibit such wit-

nesses from giving their opinions on such facts as the evidence tended to prove.

CROSS-EXAMINATION: *Surrebuttal.* Where defendant brings out a matter on cross examination of plaintiff's witness, it is not competent to introduce evidence on surrebuttal to explain such matter.

Stating Issues: HARMLESS ERROR. Where the court properly refuses to submit a question of contributory negligence, it was not prejudicial error to state that plaintiff alleged his freedom from negligence, though defendant's claims were not stated.

Law of Case: SETTLED ON APPEAL: *That evidence makes jury question.* Where the evidence on a second trial is the same as on the first, which the supreme court on appeal held sufficient to go to the jury, it is proper to leave such evidence to the jury on the second trial.

SECOND APPEAL. Where a case is tried the second time in accordance with express directions given by the supreme court on appeal from the judgment in the first trial, the correctness of the views expressed on such appeal cannot be questioned on a second appeal. If the first decision was erroneous, rehearing was the method of correcting it.

*Appeal from Wapello District Court.*—HON. M. A. ROBERTS, Judge.

TUESDAY, OCTOBER 1, 1901.

THIS is an appeal from a judgment for plaintiff, as the result of a second trial in an action to recover damages for negligence of defendant's employes in transmitting and delivering a message intended to secure the attendance of a veterinary surgeon to treat a valuable horse of plaintiff at an early stage of the disease which subsequently caused the death of the horse, and when treatment, which might have been secured if the telegram had been promptly transmitted and delivered, would probably have saved the horse's life. A judgment for plaintiff on the first trial was reversed in this court. See 106 Iowa, 529. The facts are sufficiently stated in the opinion rendered on the first appeal.—*Affirmed.*

*Geo. H. Fearons* and *McNett & Tisdale* for appellant.

*W. W. Cory* and *Jaques & Jaques* for appellee.

McCLAIN, J.—Counsel for appellant contend, as on the former appeal, that the negligence of the appellant in regard to the message, even if such negligence was shown, was not the proximate cause of the loss of the horse, and that a verdict should have been directed for defendant as asked, and, further, that the special findings and general verdict should have been set aside as not supported by the evidence; but it is sufficient to say that the evidence on the second trial was of the same character as that presented to us in the record on the former appeal. There is no question but that, if there was enough evidence to go to the jury and sustain a verdict on the first trial, as was decided in the former appeal, then the evidence was properly left to the jury on the second trial. No evidence of any material element of plaintiff's cause of action which was introduced on the first trial was lacking on the second. There may have been on the second trial a greater weight of evidence one way or the other; but the rules of law stated in the former opinion are entirely applicable to the evidence in the present record. It may be well, however, to call attention to the fact that the second headnote to the opinion as published in the official reports is erroneous and misleading. It is not held in the opinion that plaintiff may recover if the evidence shows that "in all reasonable possibility," as the headnote says, but in all reasonable "probability,"* the horse would have recovered if treated as soon as he might have been treated, had the telegram been promptly delivered.

It is, however, contended for the appellant that the question of contributory negligence of plaintiff should have been submitted to the jury on the second trial, notwithstanding the view expressed on the former appeal that there is no question of contributory negligence in the case, and that

---

*The substituting "possibility" for "probability" is due to failure to correct type as proof was corrected.—REPORTER.

the court erred in instructing the jury on that subject. It is not contended that there was any evidence on the second trial, not introduced on the first, which tended to show contributory negligence. But it is insisted that the views on this question expressed in the first opinion are erroneous, and that, notwithstanding those views, the lower court erred in refusing instructions asked at the second trial on that question. In support of this contention counsel claims that the case was tried the first time without objection, on the theory that negligence of plaintiff contributing to the death of the horse would defeat recovery, if shown, and that appellant has never had a hearing before the court on the question, and that, therefore, we should now review that question in the light of many authorities which are cited in their argument. The difficulty with such a claim is that, if acceded to, it would require us to now do the very thing which this court is criticized for doing on the first appeal; that is, consider a question not presented in the case. If counsel felt that the action of the court in this respect on the former appeal was wrong, they should have availed themselves of the ample opportunity afforded by statute and the rules of this court to have the error corrected on rehearing. It is not admissible to allow a case to be tried a second time in accordance with express directions given by this court on a previous appeal, and then question on a second appeal the correctness of the views expressed on the former appeal, no matter how erroneous they may be. The law announced on one appeal continues to be the law of the case for subsequent trials, whether right or wrong. It would be manifestly unjust to reverse the lower court for following the express direction of the supreme court given in the very case. The holding of the court on one appeal is the law of the case for the subsequent trial of the same case in the lower court. *Adams County v. Burlington & M. R. R. Co.,* 55 Iowa, 94; *Larkin v. Railway Co.,* 91 Iowa, 654. The case of *Barton v. Thompson,* 56 Iowa, 571, furnishes an illustration and

application of this rule, not an exception to it. If the question were an open one, the writer of this opinion would join in Mr. Justice Deemer's hesitation (expressed on the former appeal) in assenting to the proposition that the case is not one for the application of the doctrine of contributory negligence. In other words, the writer is inclined to think that it should be open to defendant to prove, not only that the death of the horse was due to some other cause than the delay in treatment caused by the fault of defendant, but also that the negligence of plaintiff or his servants in treating the horse contributed, with the delay caused by defendant's negligence, in causing the horse's death. But that question is not now an open one in this case.

Other errors assigned may be briefly disposed of. In view of the fact that the court on the second trial properly refused to submit the question of contributory negligence, no prejudicial error was committed in stating that plaintiff alleged his freedom from negligence. Nor were the hypothetical questions propounded to plaintiff's witnesses improper. The absence of evidence as to facts which might have assisted the expert witnesses in giving more satisfactory answers to such questions would not prohibit the witnesses from expressing their opinions on such facts as the evidence did tend to prove.

Plaintiff, in rebuttal, introduced evidence that one Staubus, a witness for defendant, soon after the first trial, in which he had given a deposition for defendant, exhibited some money which he said he had got out of the telegraph case, and that just prior to the second trial the same witness said, with reference to the fact that the case was coming on again: "If I do as well this time as I did before, I am flying." In surrebuttal a witness for defendant testified as to paying Staubus seven dollars for his deposition on the first trial, but was not allowed to explain circumstances which would tend to show a good reason for paying this amount. The rejection of this evidence is as-

signed as error. One of the objections made to it was that it was not proper surrebuttal, and we think this objection was well taken. The whole matter had been opened up in defendant's cross-examination of the witness when introduced for the plaintiff in chief, and defendant could have introduced the explanation with its other evidence in chief. It should not have held it back for surrebuttal. The trial court is the best judge as to what is the proper order for the introduction of evidence.—AFFIRMED.

DEEMER, J. (dissenting).—Still adhering to the views expressed in my dissent when the case was first before us, I am constrained to dissent from the conclusion reached in this case.