HORACE LAVALLEUR and L. L. LAVALLEUR, Appellees, v.
J. H. HAHN, Appellant.

**Appeal:** LAW OF THE CASE. The determination of a question on a former appeal becomes the law of the case, and will not be reversed on a second appeal of the same case.

**Fraud:** AGENCY: INSTRUCTIONS. Where the court, in an action to recover secret profits of an agent employed by plaintiff to purchase a farm for him, instructed that it would be presumed that defendant purchased the farm for his own benefit, thus placing the burden on plaintiff of proving the fraud, failure to charge that defendant owned the farm at the time the agency contract was made was not erroneous, even though the evidence thus conclusively showed. In the instant case, however, the evidence failed to conclusively show that defendant was the owner of the farm at the date of the agency.

**Same:** EVIDENCE: CREDIBILITY. The jury is not bound to accept the undisputed testimony of a party as true; but may weigh its credibility the same as other evidence.

*Appeal from Jasper District Court.*—HON. K. E. WILLCOCK-SON, Judge.

THURSDAY, NOVEMBER 5, 1914.

ACTION to recover back money alleged to have been obtained by defendant from the plaintiff through false and

fraudulent representations. There was a general denial by the defendant. Verdict and judgment for the plaintiff, and the defendant appeals.—*Affirmed.*

*E. J. Salmon* and *Tripp & Tripp,* for appellant.

*Mowry & Cross,* for appellees.

EVANS, J.—The specific fraud charged is that on September 19, 1907, the plaintiffs employed the defendant to act as their agent in the purchase of a farm of three hundred and twenty acres, known in the record as the Zachary farm, and that they then and there advanced him the sum of $1,000 for such purpose; that the defendant undertook such agency and agreed to purchase such farm for the plaintiffs as cheaply as he could, not exceeding $80 per acre, which was the limit set by the plaintiffs; that it was agreed that in the event of purchase the defendant should take a deed therefor to his firm of Hahn & Stouffer as grantees, and that they should thereafter convey to the plaintiffs; that thereupon the defendant purchased said farm from Zachary at $75 per acre, and took a contract therefor in the name of his firm aforesaid; that he represented to the plaintiffs that he paid therefor the sum of $80 per acre; that, relying thereon, the plaintiffs paid to him such amount as the supposed purchase price; they prayed to recover back the sum of $1,600. The defendant denies that he ever assumed the relation of agency toward the plaintiffs. On the contrary he contends that he was already the owner of the farm in question by previous purchase from Zachary, and that he entered into a written contract of sale thereof to the plaintiffs on the 19th of September, 1907, at $80 per acre, and that he thereafter conveyed the same to them in pursuance of such contract. The case was before us on a former appeal, see *Lavalleur v. Hahn,* 152 Iowa, 649. The case is fully stated in such former opinion, and we need not repeat further details here.

I. Many errors are assigned and argued by the appellant, but in the main they all concentrate upon one proposition; that is, that parol evidence of the transaction upon which plaintiff's case is predicated was inadmissible as tending to vary and contradict the written contracts of the parties. This precise question was determined adversely to the defendant upon the former appeal. It is earnestly argued that our former holding is erroneous, and that it should be overruled. If that were so, it could not be done in this case. It is well settled that such former holding is an adjudication, and must be deemed as the law of the case, even on this appeal. *Barton v. Thompson,* 56 Iowa, 572; *Hendershott v. W. U. T. Co.,* 114 Iowa, 418; *Russ v. American Cereal Co.,* 121 Iowa, 640. However, were the question open for further review, we see no reason to change the holding in the former opinon. The gravamen of this action is fraudulent representations. If there was no fraud there is no liability. The case was submitted to the jury by proper instructions on this theory. The written instruments could not stand in the way of an inquiry into such fraud, if any. If there was fraud, as contended by plaintiffs, such written instruments were incidental to it, and were a part of the process through which it was worked out. Elaborate discussion will be found in the former opinion, and we will not repeat it here. It is sufficient, therefore, to say, that the rulings and instructions of the trial court were in harmony with such opinion. No error, therefore, can be predicated thereon as to this question.

*1. APPEAL: law of the case.*

II. It is the contention of the defendant that on September 19, 1907, he was the owner of the farm in question, and that such ownership was conclusively shown by the evidence on the trial, and that the trial court should have so instructed the jury. If his contention of fact could be sustained, we see no ground of complaint to him in the instructions. The trial court expressly instructed that he was entitled to the presumption

*2. FRAUD: agency: instructions.*

that he purchased the land for his own benefit, and it laid upon the plaintiffs the burden of proving the specific fraud alleged. The defendant asked no other instruction. We think it must be said, also, that his ownership of the farm in question on September 19, 1907, does not conclusively appear from the evidence. The defendant was a real estate agent. For more than a year next prior to September 4th he had been the agent of Mr. Zachary for the sale of such farm. In the early part of September he received from Mr. Zachary the following letter:

Pueblo Colo. Sep. 4, 1907.

Hahn & Stouffer, colfax, ia.—Dear Sir: As I have got a deal on I will make a new price on my land for a quick Sale. I will let it go at $75 per acer. I dont think yo will have any trouble at that price with the Water and coal there is on it So give this immediate attention hoping here something soon

Yours truly                     L. E. Zachary

1402 East 9th St Pueblo Colo

Hahn testified at the trial that upon receipt of the foregoing letter, he immediately wrote a letter to Zachary, to the effect that he himself would take the farm at that price. His contention is that this evidence is undisputed, and that the two letters referred to constituted conclusively a contract of the purchase of the farm. Even though his testimony on that question was undisputed, the jury was not bound to accept it as true. Its credibility was to be weighed like any other evidence.

3. SAME: evidence: credibility.

Furthermore, the letter written by him, as testified to by him, did not have the legal effect to constitute a present purchase and sale of the property. The letter of Zachary was written to him while he was Zachary's agent; it stated the price at which he would sell; Zachary did not therein offer to sell to the defendant. An agent may not, for his own benefit, avail himself of an offer communicated to him by his principal, unless the principal consent thereto. Under his own showing, therefore, he was not the owner of the land on

September 19, 1907. After obtaining $1,000 from the plaintiffs he went immediately to Colorado to make the purchase from Zachary. He did make it. He stated to Zachary that he was making the purchase for another person, but would take the title in the name of his firm. This is undisputed. In this state of the record, his complaint of the instructions at this point is not well taken.

We find, therefore, no error in the instructions. The parol evidence complained of was admissible under our former holding. The evidence thus admitted was sufficient to support the verdict rendered. The judgment below is accordingly—*Affirmed.*

LADD, C. J., and GAYNOR and WEAVER, JJ., concur.