Rex M. Retherford, Appellant, v. Knights and Ladies of Security, Appellees.

**INSURANCE:** Life Insurance—Delivery of Policy—Evidence. Evi-
1  dence reviewed, and held sufficient to carry to the jury the question as to the date on which a policy of insurance was delivered, the question being material on the question of payments.

EVIDENCE: Relevancy, Materiality and Competency—Facts Not in
2   Issue—Delivery of Policy. Facts which, though not in issue, are
so connected with a fact in issue as to form part of the same
transaction, and qualify, explain or cast light upon it, are relevant
and admissible. So held where the fact in issue was the date on
which a policy of insurance was delivered, it being held, under a
certain state of evidence, that the date of delivery of *other* and
*different* policies was relevant.

*Appeal from Lucas District Court.*—D. M. ANDERSON, Judge.

FRIDAY, SEPTEMBER 29, 1916.

ACTION upon a life insurance certificate issued by the
defendant to Eva M. Retherford, now deceased, who was the
wife of plaintiff. Plaintiff was a beneficiary named in the
certificate. There was a trial to a jury. At the conclusion of
the evidence, the court sustained the defendant's motion for
a directed verdict in its favor. Judgment was rendered in
favor of defendant, and plaintiff appeals.—*Reversed* and
*Remanded.*

W. W. *Bulman,* for appellant.

*Stuart & Stuart,* for appellee.

PRESTON, J.—1. The abstract has been amended by
appellant twice and by appellee once, making four altogether,
which necessarily makes some confusion in the record.
Appellee contends, and it is conceded by appellant, that the
only question to be determined is whether the ruling of the
district court on the motion to direct a verdict was correct,
and this involves two main questions. An important ques-
tion in the case was as to whether the certificate was delivered
on February 20, 1913, as contended by defendant, or whether
it was delivered March 6, 1913, as claimed by plaintiff. Eva
M. Retherford died September 7, 1914. The defendant is a
fraternal beneficiary society. Two defenses were pleaded by
the defendant: First, that, at the time of her death, deceased
was not a member in good standing in the society, for that

she had not paid the dues and assessments according to the certificate and the rules of the order, and that, therefore, the certificate was void. Also, that plaintiff had not complied with the terms of the certificate in filing proofs of death. For reply, plaintiff pleaded a waiver of these matters.

Section 103 of the by-laws, which are made a part of the certificate, provides:

"Before delivering the beneficiary certificate, upon the initiation of a member, the Financier of the Council shall collect one assessment and the local dues from the member, for the month in which the certificate is delivered, and thereafter, on or before the last day of each succeeding month, the member shall, without notice, pay the sum of one assessment and the local dues to the Financier. . . . The assessments and dues for the month in which the member dies shall be paid to the Financier before the amount due on certificate is paid the beneficiary."

It is claimed by appellant and conceded by appellee that the date of delivery of the certificate is material. As stated, defendant claims that the policy was delivered on February 20th; and if this is true, the premium or assessment paid when the certificate was delivered would be for the month of February, 1913; but if, as contended by plaintiff, the certificate was delivered March 6, 1913, the premium or assessment would be for March. Plaintiff also claims, and so testifies, that, on March 22, 1913, the second assessment was paid on the certificate, which would pay the assessment for April. The receipt for the first payment in March was lost, but plaintiff testifies to the payment. Plaintiff also contends that, under Section 103 of the by-laws, before quoted, he has the right to pay the assessment and dues for September, 1914, the month in which Mrs. Retherford died, at any time before the payment of the certificate to the beneficiary. But a tender was made for this assessment and the dues for September, and refused. So that it is plaintiff's contention that deceased had

1. INSURANCE: life insurance: delivery of policy: evidence.

made all payments or assessments and dues and was in good standing; that, therefore, she was not suspended under the rules, and that defendant had no right to suspend her for that reason. It is conceded by some of defendant's witnesses that the books of the society were not accurately kept, and there is a question as to the delivery of several certificates, including that of deceased, and there appear to have been some changes in the dates of some of the certificates. It is contended by appellant that there was such a conflict in the testimony as to the date of delivery, and as to whether the certificate had become ineffective because of the failure of deceased to pay the assessments and dues, as to take the case to the jury.

After a careful examination of the record, it is our conclusion that there was such a conflict in the testimony at this point as that the case should have been submitted to the jury for determination. It is true that the first receipt was lost, and plaintiff's explanation thereof and his testimony as to the payment were not satisfactory to the trial court, but might have been to the jury. It is also true that the evidence introduced on behalf of the defendant, with the documentary evidence, which, in some cases at least, was shown to be erroneous, tends to sustain the defendant's contention, and, had the case been submitted to the jury and a verdict returned for defendant, the finding would have had sufficient support. But there was evidence introduced by plaintiff contradicting defendant's evidence. We shall refer to some of this testimony, but not attempt to give it in detail.

Plaintiff testified, substantially, that he and his wife, the deceased, were obligated February 20, 1913, but that neither his policy nor his wife's was delivered on that evening; that the next regular meeting of the lodge was about two weeks after, in the month of March, 1913; that these two policies were delivered March 6th, on which date the premiums and assessments and dues for the month of March on the two policies were paid to the financier, Lavall; that no one else

paid the premiums and assessments, to his knowledge, and that, if done, it was unauthorized; that he made a second payment in March, on the 22d, and that this was the first receipt he could find.

Jessie L. Avitt, the local secretary for defendant lodge in Chariton, Iowa, on February 20, 1913, and a witness for defendant, testifies that the policy of deceased was delivered February 20, 1913, and that she countersigned, and that deceased would have to pay before she got the certificate, and that when they paid, they had to pay for February, 1913, to Mr. Lavall, but she says there were some who did not get their policies until later; that Mr. and Mrs. Shimp, Ora Brightwell, and Mr. and Mrs. Retherford got their policies the same day. This witness also testifies:

"I sent in for blank notices of death and proofs of loss at the proper time, but the company refused to furnish them. They said their books showed her suspended, and that they were under no obligations to furnish blanks or proofs. I refused to show the minute books of the lodge without an order of the court."

But Ora Brightwell, as a witness for plaintiff, testifies that she remembers the night that she took the obligation, but not the date; that there were quite a number of members taken in then—Rex Retherford, Mrs. Rex Retherford, Mrs. Jones and Mrs. Lyman; that she did not get her certificate the night she was obligated. She produced her certificate, and the date of it at the home office was March 20, 1913. Mr. Lavall, the financier of the local lodge, says:

"I will admit that, on the night of February 20, 1913, when eight members were obligated, including Mr. and Mrs. Rex M. Retherford, that some of the policies were not delivered. Those not delivered would include Mrs. Grover Lyman, Mrs. Shimp and Mr. Shimp. In talking about the months and the application of the premiums on Eva M. Retherford's policy, I am guided by the belief that hers was delivered February 20, 1913."

In this connection, Orm testified that he reorganized the lodge at Chariton, February 20, 1913. He says further:

"I can't remember of anyone complaining that they had paid twice in one month. I know of instances where policies were delivered after obligation. . . . They were in a mix-up over the books when I came, April 17, 1913. I was here from April until September, and attended all the meetings. I can't remember the talk about the two payments of premiums that Mr. Retherford, Mr. and Mrs. Shimp, and Mr. and Mrs. Brightwell had testified about."

In rebuttal, plaintiff sought to show by Mr. and Mrs. Shimp and Lyman the date upon which their policies were delivered, because of plaintiff's evidence that certificate of deceased was delivered on the same date as theirs; but the court sustained the defendant's objection to this line of testimony, and the ruling is assigned as error. This matter will be referred to in a later division of the opinion. There is other evidence, pro and con, upon this proposition; but, without further elaboration, it is our conclusion that there was a jury question at this point. It should be remarked that the by-laws provide that the beneficiary certificate shall become effective when delivered to the member after initiation and payment of one assessment and subordinate council dues to the financier, and when the certificate has been countersigned by the president and secretary of the subordinate council, with the seal affixed. The point just discussed is the one most seriously argued by both sides.

2. In regard to the excluded evidence: As before stated, there was evidence on both sides that the certificates of Mr. and Mrs. Retherford were delivered at the same time as the certificates of Mr. and Mrs. Shimp and others. Plaintiff, in rebuttal, sought to show by witnesses Mr. and Mrs. Shimp and Lyman the dates upon which their certificates were delivered, for the purpose of fixing the date when the certificate of Mrs. Retherford was delivered, and to show that theirs were

2. EVIDENCE: relevancy, materiality and competency: facts not in issue: delivery of policy.

not delivered on February 20, 1913. As already shown, there was a dispute over the date on which the policy of deceased was delivered, and this was material to properly determine how to apply the premium then paid. On this fact depended whether or not the insured was in arrears in the payment of premiums on August 30, 1914, when the August premium was tendered by the insured to the local financier. While plaintiff fixed the date in his evidence as March 6, 1913, when his certificate and that of his wife were delivered, other witnesses testified positively that a class of several candidates all received their policies on the same date, and that Eva M. Retherford was one of those who, in company with the others, received their certificates. We think it was proper to show by these witnesses the date of delivery of all other policies delivered at the same time as the policy or certificate of Mrs. Retherford, as fixing the date when hers was delivered. 1 Jones' Blue Book of Evidence, Sections 138, 139; 1 Elliott on Evidence, pages 199–209; and, as having some bearing, see *Stewart v. Anderson,* 111 Iowa 329. Some of the witnesses did not know when Mrs. Retherford's policy was delivered to her, but they did know the date when their own were delivered, and other testimony showed that the certificate of deceased was delivered at the same time as these others. In view of defendant's testimony that the policy of deceased was delivered February 20th, and the conflict in the evidence, plaintiff was entitled to this excluded testimony as bearing upon the weight or preponderance of the evidence, even though plaintiff himself had testified that the policy in question was delivered March 6th.

3. As stated in a prior division of the opinion, the defendant's second defense was that plaintiff had not complied with the rules of the order and with the provisions of the certificate of insurance, in that he had failed to give proofs of loss; and plaintiff's reply thereto was that this had been waived. Section 165 of the by-laws provides that it is the duty of the national secretary to send a blank form for

proof of death to the secretary of the subordinate council to be delivered to the beneficiary. Evidence already referred to shows that the company refused to do this. But we do not deem it necessary to discuss this feature of the case, because it does not seem to be seriously relied upon by appellee. There is but slight, if any, argument on the point, and this question is not included as a ground for defendant's motion for a directed verdict. Appellee concedes that the only question in the case is whether the court correctly sustained the motion.

It is our conclusion that the trial court erred in not submitting the case to the jury on the disputed question of fact which we have noticed, and in excluding the testimony referred to. The judgment is therefore reversed, and the cause remanded for new trial.—*Reversed* and *Remanded.*

EVANS, C. J., DEEMER and WEAVER, JJ., concur.