REX M. RETHERFORD, Appellee, v. KNIGHTS AND LADIES OF SECURITY, Appellant.

**APPEAL AND ERROR: Law of Case.** A ruling, on appeal, that 1 the evidence was sufficient to carry an issue to the jury, is conclusive on a subsequent appeal, on practically the same record.

**TRIAL: Inaccuracy Cured by Other Instruction.** An inaccurate in- 2 struction as to the assessments due on a policy of insurance may be rendered harmless, in view of the real issues, by construing the instructions as a whole.

*Appeal from Lucas District Court.*—FRANCIS M. HUNTER, Judge.

JUNE 24, 1918.

ACTION upon a life insurance certificate. Trial to a jury, and a verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Stuart & Stuart,* for appellant.

*W. W. Bulman,* for appellee.

PRESTON, C. J.—1. This case has been before us before (177 Iowa 613). The principal question there, as here, was

whether the evidence was sufficient to take the case to the jury on the question as to the date on which the certificate was delivered, that question being material on the question of payments.

1. APPEAL AND
ERROR: law
of case.

In the first case, there was a directed verdict for the defendant; and on the appeal, the evidence was reviewed, and held sufficient to take the case to the jury. On remand, the case was tried to a jury, and a verdict was returned for plaintiff. Appellant again argues the sufficiency of the evidence. There was some additional evidence admitted on the second trial which the trial court had excluded on the first, which exclusion we held to be erroneous; so that, for plaintiff, there was at least some more evidence on the last trial than on the first. But it is not claimed by appellant, nor can it be, we think, that the evidence is materially different on the second trial than on the first. This being so, we would not be justified in again reviewing the evidence.

2. Appellant complains of Instruction No. 9. The defendant contended that the party to whom the certificate was issued was not in good standing, for that she had not paid all her assessments; while the plaintiff

2. TRIAL: inac-
curacy cured
by other in-
struction.

contended that all assessments had been paid, the contention being, in substance, that a payment had been made in advance, which, if properly accounted for, would pay the assessment which defendant contended had not been paid. A more detailed statement of the situation will be found in the former opinion.

The question turned, to a considerable extent, upon the time when the policy was delivered, defendant contending that it was delivered in February, while plaintiff contended that it was delivered in March. A determination of this question, and taking into account the payments which were made, would show that deceased was in arrears, if the payment was made in February; but if it was made in

March, as contended by appellee, she would be in good standing. The instruction bearing upon this feature of the case is quite lengthy, and we shall set out only so much thereof as bears upon the objection made to it by appellant. It reads, in part:

"Under the terms and conditions of the contract of insurance between Eva M. Retherford and the defendant, she was to pay, or there was to be paid for her, to the financier of the defendant, at the time or before the delivery of the policy to her, one assessment and dues, amounting to 85 cents, for the month in which the policy was delivered, and thereafter, on or before the last day of each succeeding month, and without notice, pay the sum of one assessment and dues, amounting to 85 cents, to the financier of the defendant; and the assessment and dues for the month of September, 1914, being the month of her death, were to be paid before the policy is to be paid to the beneficiary, the plaintiff in this action. Now you are instructed that you are to find and determine, by a consideration of all of the evidence before you, in what month, February or March, 1913, the policy was in fact delivered to her,—that is, delivered into her physical possession, or that of her husband for her,—and then charge her with one monthly assessment and dues for each month thereafter, down to and including the month of July, 1914. After so doing, give her credit for the payments made, and thereby determine whether or not the assessment and dues for the month of July, 1914, were or were not paid; for if an overpayment, or additional payment, was made in March, 1913, as testified by the plaintiff, then she was entitled to have it credited to her for that month, July, 1914, had been paid during each month respectively."

The instruction then goes on to say that, if the policy was delivered in February, and the first assessment and dues were paid for that month, and only one payment was

made during the month of March, and that such payment was for the assessment and dues accrued for the month of March, as claimed by defendant, then deceased was not entitled to a credit for an advance payment of the assessment and dues for the month of July; that, if the payment was made in advance, as claimed by plaintiff, then the verdict should be in his favor; and that plaintiff did not claim that the payment was made during the month of July, but prior thereto.

Appellee contends that the objection now made to the instruction is different from the exception taken at the trial. The objection now made is that the jury were therein told that they were to find and determine in what month, February or March, the policy was in fact delivered to her, and then charge her with one monthly assessment and dues for each month thereafter, down to and including the month of July; that the instruction should have stated that one assessment and dues must be paid for the month in which the certificate was delivered, and each month thereafter. The complaint is more particularly in regard to the use of the word "thereafter." The exception taken at the trial was as follows:

"The defendant excepts to Instruction 9, for the reason that the court tells the jury therein, as a matter of law, that, if two payments of assessments were made in the month of March, that the plaintiff is entitled to have one of said assessments credited to her for the month of July, 1914, this being a question for the jury to determine alone."

The thought seems to have been that the court assumed that the payment was made either in February or March; but, as said, that was the contention of the parties, one contending that it was in February, and the other, in March. It is doubtful, to say the least, whether the objection now made is covered by the exception at the trial. But, however this may be, we think there was no prejudicial error.

The question for the jury to decide was, in which month, February or March, the policy was delivered; and if in March, then plaintiff was in good standing. Special interrogatories were submitted to the jury, and thereby the jury found that the assessments and dues maturing in July, 1914, were paid before the last day of that month, and found specially that they were paid in March, as contended by plaintiff.

Other instructions were given which have a bearing upon this subject. Among them was a statement by the court as to defendant's claim that the policy and constitution of defendant provide that, before delivering the policy to insured, a financier shall collect one assessment and the local dues from the member for the month in which the policy is delivered, and thereafter on or before the last day of each succeeding month; and as to the defendant's claim that insured failed to pay the monthly assessments and dues which became due and payable on the policy before the last day of the calendar month of July, and that, because of such failure she had forfeited her rights, etc. The court stated, also, plaintiff's claim that she had paid in advance, and that such advance payment paid the assessment and dues which became due in July, and before the last day of that month; also stated that there was no claim made by the defendant that insured was not in good standing for any other reason than that she had not paid the assessment and dues maturing on the last day of July; also stated that, if they were paid in advance, as plaintiff contended, then she was in good standing; and then told the jury, in another instruction, that it was for them to determine, under all the evidence and circumstances, whether insured had paid, or there was paid for her, in advance, the assessment which became due in July. Taking the instructions all together, we think the matter was plainly put to the jury, and that they were not and could not have been misled by anything contained in Instruction 9.

For the reasons given, the judgment is—*Affirmed.*

LADD, EVANS, and SALINGER, JJ., concur.