C. T. Goben, Appellant, v. Des Moines Asphalt Paving Company, Appellee.

No. 40993.

November 24, 1931.

Rehearing Denied June 24, 1932.

Higbee & McEniry and W. W. Bulman, for appellant.

Johnson & Reynolds and Walter L. Stewart, for appellee.

Grimm, J.—This is the second appeal of this case. See Goben v. Des Moines Asphalt Paving Company, 208 Iowa 1113.

The petition is in two counts, the first being on an express oral contract in which it is claimed, in substance, that in August, 1923, plaintiff and one Burrows, representing the defendant, entered into an oral contract, by the terms of which the plaintiff was to do some excavating in certain streets in the city of Creston, preparatory to the laying of paving on said streets.

It is claimed that the work was to be done at 55c per *superficial* yard. It is also claimed that as a part of the contract, the defendant was to pay on semi-monthly preliminary estimates, or, in other words, that every two weeks, money was to be advanced to the plaintiff, by the defendant, on the basis of preliminary estimates of the work done, as said estimates might be made by the city engineer.

It is alleged that the defendant failed utterly to comply with this provision of the contract, and as the result of said breach by the defendant, the plaintiff found it necessary, being out of funds, to leave the work without completing the job.

It is alleged that the superficial yards excavated were 7131.4 yards and that the defendant is indebted to the plaintiff in the sum of $3,752.95.

The second count is based upon *quantum meruit*; but as the same was dismissed by the plaintiff, we give it no attention.

The answer of the defendant contains, among other things, the following:

"The defendant admits that on or about the 6th day of August, A.D., 1923, the defendant and plaintiff entered into a verbal contract whereby the plaintiff agreed with the defendant to do certain grading for this defendant in connection with the paving of said streets set out in said contract between the defendant and said city."

The defendant also admits "that the amount of dirt so removed by the plaintiff over an area consisting of approximately 7131.4 yards was the sum total of 910 *cubic* yards."

The answer further alleges that instead of the parties agreeing to 55c per *superficial* yard, the work was to be done at 40c per *cubic* yard.

The defendant also alleges that there was a settlement had between the parties. The defendant also filed a counterclaim for damages because of the alleged careless and negligent manner in which the work was performed by the plaintiff. The allegations of the counterclaim are denied. Other features of the pleadings are not material to our determination of this case.

At the close of the evidence, the court dismissed the defendant's counterclaim and directed a verdict in favor of the

defendant and entered judgment against the plaintiff for costs. The plaintiff appeals.

I. It is claimed by the appellee that the plaintiff must fail because the plaintiff did not complete his contract and was without justification for not finishing the work. This question cannot be settled as one of law upon the record as made in this case. The plaintiff asserted that one of the definite terms of the contract entered into between the parties was that the defendant should make bi-weekly payments to the plaintiff, based upon preliminary estimates of the work then done. There is no dispute that the company failed to do this. The evidence tends to show that the plaintiff very clearly explained to the defendant the necessity of such payments, the same having relation to the inability of the plaintiff to conduct the work for periods of more than two weeks at a time without payment of a preliminary estimate with which to pay his running expenses.

If plaintiff's evidence is to be believed, then the defendant definitely undertook to make these payments bi-weekly and it failed to do so.

There is sufficient evidence in the record to necessitate submitting this branch of the controversy to a jury.

This court has said upon the former appeal in this case, Goben v. Des Moines Asphalt Paving Co., 208 Iowa 1113:

"If the failure of performance was justified, then the plaintiff was entitled to recover his contract price for the work done."

Other cases might be cited in support of the same proposition.

II. It is claimed by the defendant company (appellee) that the plaintiff has failed in proving the essential elements of the contract and particularly that there is a failure on the part of the plaintiff to show the quantity of earth removed, for the removal of which he claims the compensation specified in the contract. The record upon this phase of the case has been very carefully examined, and we reach the conclusion that it contains sufficient evidence upon which the jury might properly find the amount of work done by the plaintiff for the defendant in accordance with the terms of the contract which the plaintiff claims was made with the defendant. The record contains upon

that subject, among other things, an allegation in the answer of the defendant company, as follows:

"That the amount of dirt so removed by the plaintiff over an area consisting of approximately 7131.4 yards, (superficial) was the sum total of 910 cubic yards."

The contention of the defendant is that the agreement between the parties was based upon cubic yard measurements instead of superficial yards, but there is in evidence, by reports of the city engineer, sufficient data from which the jury could very properly determine the total amount of *superficial yardage* removed by the plaintiff for the defendant. The defendant company undertakes to defend itself at this point on the claim that superficial yardage is not a proper measurement for work of this kind. About this there was a distinct conflict in the evidence.

There is abundant proof, if the testimony on behalf of the plaintiff is to be believed, from which a jury might properly find that the agreement between the parties was based upon *superficial* yardage and not *cubic* yardage. Even though it be assumed, for the sake of the argument, that ordinarily, in determining the yardage removed by contractors in work of this kind, the yardstick of measurement is the cubic yard, nevertheless, it was proper for the parties to agree upon another basis, to wit, the superficial yard.

While the evidence may not be as clear and definite and distinct as one would like to have it on the question of the number of superficial yards removed by the plaintiff for the defendant, nevertheless we hold there is sufficient evidence in the record to take the case to the jury.

III. It is claimed by the defendant that the contract, as alleged by the plaintiff, is unreasonable. It is claimed that the cost of removing the earth upon the basis claimed by the plaintiff is unreasonable. While it may be conceded that under ordinary conditions the price as claimed by the plaintiff is high, nevertheless, we cannot say as a matter of law that the contract was not entered into because it appears to be unreasonable in some of its terms. It was legal for the parties to fix an unreasonable compensation for the work which the plaintiff agreed to do for the defendant. Moreover, it may be said parenthetical-

838

ly that the evidence shows that the material which the plaintiff moved was of an unusual character and very difficult to handle. It was peculiarly difficult to handle when it was only being removed in rather thin layers, relatively speaking. When it is borne in mind that the plaintiff was removing only the earth which would be displaced by the slab of pavement to be laid in the street and that the material was of a tough, rubber-like type, the jury might properly find that the price which the plaintiff claims was agreed upon was in fact the price fixed. At all events, the price was not so unreasonable as to enable any court to hold, as a matter of law, that no contract was entered into, or that the contract will not be upheld.

IV. It is claimed by the defendant that there was a full settlement of the issues involved in this case in a suit brought by the plaintiff against the city of Creston. Upon this, as upon other points, the testimony was clearly in dispute. Necessarily, the burden was on the defendant to prove the accord and satisfaction. Upon the record, as disclosed here, that question could not be settled as one of law. There was sufficient evidence to take that question to the jury.

It may be conceded that there are in the record many inconsistencies and contradictions, nevertheless a very careful examination of the entire record discloses that the plaintiff produced sufficient evidence, if his witnesses are believed, to take the case to the jury.

What this court might do, if sitting as a jury, on the facts disclosed in the record, is beside the point.

It would unduly extend this opinion to set out the testimony in support of our conclusions and would serve no useful purpose.

We are convinced the court should not have directed a verdict for the defendant.

The cause is—Reversed.

STEVENS, ALBERT, MORLING, and KINDIG, JJ., concur.