C. T. GOBEN, Appellee, v. DES MOINES ASPHALT PAVING COMPANY, Appellant.

No. 42005.

JANUARY 9, 1934.

REHEARING DENIED OCTOBER 18, 1934.

Gibson & Stewart and Healey & Reynolds, for appellant.

Higbee & McEniry and W. W. Bulman, for appellee.

KINDIG, J.—According to the record, the defendant-appellant, Des Moines Asphalt Paving Company, on August 6, 1923, entered into a written contract with the city of Creston to pave certain public streets and alleys therein. A Mr. Akin, at or about the same time, entered into a contract with the city of Creston to install the curbs and gutters. Later, but soon thereafter, the plaintiff-appellee, C. T. Goben, entered into three grading contracts relating to this street improvement. The appellee had one contract with the city of Creston under which he was to remove all of the excess dirt "on any of the streets to be paved by the" appellant "down to the level of the top of the paving slab". Under the second contract, the appellee agreed with the said Akin, or the Akin Construction Company, to do the grading on the streets for the curbing and guttering. When the appellant contracted with the city, it agreed, in addition to paving the streets, to reduce them to subgrade. This reduction was to be to the extent of the thickness of the paving so that the pavement, when placed, would be on grade. Therefore, the appellee's third contract was with the appellant to do the subgrade work in order that the pavement would be on grade, as before explained.

That the appellee was to do this work, there is no controversy. Both the appellee and the appellant agree to this. But a controversy does arise over the amount of the compensation and the conditions under which it was to be paid to the appellee for the work. The agreement was oral, and not written. According to the appellee, the

appellant agreed to pay him fifty-five cents per superficial square yard for this part of the work, while it is contended by the appellant that he was to pay the appellee only forty cents per cubic yard therefor. Also it is said by the appellee that the appellant agreed to pay him for the yardage removed every two weeks. For the purpose of so doing, the appellant, according to the appellee, agreed to have the city engineer make rough estimates of such yardage thus removed every two weeks, in order that the periodical payments could be made.

After the appellee had worked under the contract for more than two weeks, he had removed, according to the record, 7,131.4 superficial square yards of dirt. Because, however, the appellant did not pay him at the end of the two weeks, the appellee ceased operations and left the job. At the time the contract was entered into, the appellee contends that he informed the appellant of the necessity of such payment in order to finance the operations. On the one hand, therefore, it is claimed by the appellee that, although he did not complete the contract, he is entitled to recover the contract price on the work performed, in view of the appellant's breach of the contract in failing to make payment on the rough estimates at the end of the two-week period; but, on the contrary, it is argued by the appellant that the appellee is not entitled to recover the contract price because he, without excuse, abandoned the work. That in a general way is a statement of the issues involved.

Payment of compensation for the work performed by the appellee was refused by the appellant. Following the refusal of the appellant to pay the contract price of fifty-five cents per superficial square yard, the appellee commenced this proceeding on February 25, 1926. As a result of the trial involved on this appeal, the jury returned a verdict for the appellee, and judgment was entered accordingly. From that judgment the appellant appeals.

This cause has been to this court on three former appeals. See Goben v. Des Moines Asphalt Paving Co., 204 Iowa 466, 215 N. W. 508; Goben v. Des Moines Asphalt Paving Co., 208 Iowa 1113, 224 N. W. 785; Goben v. Des Moines Asphalt Paving Co., 214 Iowa 834, 239 N. W. 62.

I. It is first argued by the appellant that it is entitled to a new trial because the district court did not sustain its motion for a directed verdict. The grounds in the appellant's motion for the directed verdict are that there is no evidence justifying the sub-

mission of the cause to the jury on the theory that the appellee was to be paid any sum of money for a two weeks' period before September 4, 1923, on which date the work was abandoned by the appellee; that there was no evidence offered or adduced as to the number, "if any, of so-called superficial yards of dirt moved by the plaintiff (appellee) during any two weeks period of time" between August 13, 1923, and September 3, 1923; that the appellee "elected to sue on his contract for the full amount due thereunder and plead justifiable abandonment and introduced proof upon quantum meruit only;" that the appellee "did not prove a justification for abandonment of the work due to any act or failure to act on the part of the" appellant; that "the evidence of the" appellee "shows that there was complete accord and satisfaction of the claimed debt owed him by the" appellant, "in that the greater weight and preponderance of the evidence adduced" indicates "unquestionably that the" appellee "sued the City of Creston for all the grading work done by him in the City and that the" appellee "settled said suit with the City of Creston and thereby settled his account with the" appellant; that the agreement claimed by the appellee and the evidence offered to sustain the same "is so unreasonable and preposterous in its terms that, as a matter of law, it could not have been the contract", and no contract could have been entered into on the basis of fifty-five cents per superficial square yard, as defined by the appellee; and that under the whole record it is apparent that the appellee could not recover on the basis claimed.

▉ Manifestly a careful reading of the record in the case at bar, with the opinions in the other Goben cases, above cited, will reveal the error of the appellant's contentions. Of course, the district court in the present controversy was bound by the previous Goben cases. In fact, those opinions became the law of this case. Hendershott v. Western Union Telegraph Co., 114 Iowa 415, 87 N. W. 288; Retherford v. Knights & Ladies of Security, 183 Iowa 1099, 168 N. W. 89. We said in the Hendershott case, reading on page 418:

"The law announced on one appeal continues to be the law of the case for subsequent trials, whether right or wrong. It would be manifestly unjust to reverse the lower court for following the express direction of the supreme court given in the very case. The holding of the court on one appeal is the law of the case for the subsequent trial of the same case in the lower court."

So far as the record now before us is concerned, there is sufficient evidence to justify the district court in submitting the case to the jury on the contract claimed by the appellee. Goben v. Des Moines Asphalt Paving Co. (214 Iowa 834, 239 N. W. 62), supra.

Not only the appellee, but also the witnesses Ditmar, Reed, and Howard, testified that the appellant was to pay the appellee fifty-five cents per superficial square yard for this work. The appellant, in its answer, does not entirely deny that contract, but rather alleges that its president, J. M. Burrows, "was under the impression" that such was not the contract. Throughout its argument, the appellant ridicules the claim of the appellee for pay on the basis of a "superficial square yard". It is the theory of the appellant that the term is unknown to contractors and engineers. According to the record, the term appears in the Oxford Dictionary. Apparently that term also appeared in the plans and specifications of the engineer for the city of Creston in relation to the paving and grading job in question. A superficial square yard is defined by the appellee as three feet each way on top and as deep as the depth of the pavement. At times there seems to be a discrepancy in the appellee's testimony concerning the depth of the pavement. That, however, is quite immaterial (except perhaps for impeachment purposes), because at all times the appellee, in defining a superficial square yard, was referring to a space three feet each way and as deep as the pavement. See Goben v. Des Moines Asphalt Paving Co. (204 Iowa 466, 215 N. W. 508), supra.; Goben v. Des Moines Asphalt Paving Co. (214 Iowa 834, 239 N. W. 62), supra. However that may be, there is evidence in the record to sustain the verdict concerning this phase of the contract. Likewise there is evidence in the record to sustain that portion of the contract in which the appellant agreed to pay the appellee fifty-five cents per superficial square yard.

Moreover, the reasonableness of such a charge is somewhat sustained by the record wherein it describes the work involved. A peculiar dirt or soil, existing on part of the streets in Creston, was difficult to move. It did not break up as ordinary dirt, but clung together and thereby necessitated cutting and breaking. Because of the removal of this soil, the grade was too low, and filling was necessary. So, too, the dirt removed was hauled away by the appellee, and, on the occasion of the fills, it was necessary to haul in suitable dirt, according to appellee's testimony.

■ There is evidence in the record sustaining the fact that the amount of work performed by the appellee covered 7,131.4 superficial square yards. This is corroborated by the engineer in Exhibit I, which was an estimate. In this connection, it is also apparent that there is evidence in the record sustaining the proposition that the appellant was to pay the appellee on rough estimates every two weeks. Likewise, there is evidence to sustain the further proposition that the appellee informed the appellant, when the contract was entered into, that without these periodical payments he would not be financially able to complete the contract. At this point, the appellee is corroborated by other testimony. Under this portion of the agreement, it was not necessary, as claimed by the appellant, that the appellee work two full weeks on the job before he would be entitled to pay. On the other hand, it is evident, according to the testimony, that, whatever the work accomplished, pay therefor was to be made every two weeks. Therefore, under the evidence, the appellee was justified in abandoning the work at the end of the two-week period because the appellant did not pay, as agreed, according to the rough estimate.

■ Concerning this, we said in Goben v. Des Moines Asphalt Paving Co. (208 Iowa 1113, 224 N. W. 785), supra, reading on page 1117:

"If the failure of performance was justified, then the plaintiff [appellee] was entitled to recover his contract price for the work done. On the other hand, if the failure of performance was not justified, then the plaintiff [appellee] could recover nothing upon his contract."

Again, in Goben v. Des Moines Asphalt Paving Co. (214 Iowa 834, 239 N. W. 62), supra, we said that the failure of the appellant to pay the appellee every two weeks, as contemplated by the oral contract, would amount to a justification for the abandonment of the contract. Nevertheless, it is contended by the appellant that the appellee abandoned his contract with the appellant because the city would not pay him $1,000 on its contract. In response to that, the appellee testified that he demanded $1,000 from the city because he believed that amount was due him under his contract with it. Also the appellee testified that he nevertheless would have performed the contract had the appellant made the two weeks' payment due him under its contract. Possibly the appellee would have

waived payment of the amount due from the city within the time specified had the appellant made the two weeks' payment to him. On the other hand, it is possible that the appellee might'have waived the payment of the amount due from the appellant in the time specified in that contract had the city made the payment demanded. However that may be, the appellee specifically testified that the only reason he abandoned the work was because the appellant did not pay the amount due under the contract. .

The appellee seeks to recover, not on quantum meruit, but on the contract. His proof likewise is in support of the contract, rather than to sustain an action on quantum meruit, as claimed by the appellant. So far, then, as this part of the appellant's motion is concerned, it was properly overruled.

II. But the appellant further contends that the motion should have been sustained on the theory that the evidence of the appellee in this regard was so preposterous and unreliable that it could not be believed. See Graham v. Chicago & Northwestern Railway Co., 143 Iowa 604, 119 N. W. 708, 122 N. W. 573. We considered this phase of the controversy in Goben v. Des Moines Asphalt Paving Co. (214 Iowa 834, 239 N. W. 62), supra, and held that the record in that case did not warrant the application of that rule. Investigation in the case reveals that the record in that case, for all practical purposes, is substantially as the record in the case at bar. There is nothing in the present record which warrants the application of a different rule than that applied in the previous Goben cases. While the testimony in the present controversy is substantially the same as it was in the former trial, yet it may be that the testimony now is not in all respects as it was in previous trials. That, however, frequently happens in cases. In any event, we are no more disposed to invoke the rule asked for by the appellant on this appeal, than we were in the appeal of Goben v. Des Moines Asphalt Paving Co. (214 Iowa 834, 239 N. W. 62), supra. The district court, therefore, properly submitted the evidence to the jury, unless there should be a directed verdict on the theory that there was an accord and satisfaction.

III. On September 10, 1923, the appellee commenced an action in the district court against the city of Creston to recover compensation for the grading done for it. As before indicated, the appellee had a contract with the city of Creston to move the excess dirt in preparation for the paving. After the suit was brought by

the appellee against the city, a settlement was made thereof. Devoe, the city engineer, testified that, before the suit against the municipality was brought, the appellee claimed, in the office of the city attorney, that the city of Creston owed him for all the grading done. This general language on the part of the appellee, it is contended by the appellant, would include the work involved in the present controversy. An inference is therefore drawn by the appellant that the settlement must have included the present claim. A denial and an explanation of the engineer's testimony at this point is made by the appellee.

Such proposition, however, was before this court in Goben v. Des Moines Asphalt Paving Co. (204 Iowa 466, 215 N. W. 508), supra. We there said, reading on page 470:

"George A. Johnson, attorney for the city, who was called by plaintiff with relation to this settlement, testified that the amount paid to Goben was in full settlement of his lawsuit against the city and the same was dismissed on the record with prejudice and marked settled. Taking this testimony in connection with the allegations of Goben's petition in his action against the city, from which latter it might be inferred that he was claiming that the city was liable for all the grading, we think a question of fact was here made for the jury because Goben at one place in his testimony says that he was only claiming from the city for 'excess' grading."

Likewise, in the case at bar, Goben testified that he only settled with the city for the work done under his contract with it. Nowhere in the appellee's petition against the city did he mention superficial square yards or make claim expressly for the work done on the appellant's contract. There was a contract between the appellant and the appellee separate and distinct from the appellee's contract with the city. It does not appear why the city would pay on a contract on which the appellant rather than it is the obligor. No one expressly says that the appellee included the amount due on his contract with the appellant in his settlement with the city. This is all conjecture.

We are satisfied, under the entire record, that at least a jury question is presented, at this point, and the district court did not err in submitting that proposition to the jury. Goben v. Des Moines Asphalt Paving Co. (204 Iowa 466, 215 N. W. 508), supra.

IV. An objection is also made because the district court

unduly limited the appellant's cross-examination of the appellee's witness Devoe concerning Exhibit I, before mentioned. That witness, it will be recalled, was the city engineer. Devoe was obviously antagonistic to the appellee. The district court allowed the appellant to cross-examine the witness on all matters gone into by the appellee on direct examination. Moreover, on its part of the case, the appellant offered Devoe as its witness. When so doing, the appellant asked the witness all the questions, so far as material, that were excluded on the previous cross-examination.

Under the whole record, therefore, it cannot be said that the district court erred at this juncture.

■ V. A complaint also is made by the appellant because the district court did not properly submit to the jury the question relating to the justification of the appellee's abandonment of the work.

In division I of the instructions to the jury, the court set forth the appellee's claim in regard to his justification for the abandonment. Then, in instruction No. 6, the district court further said to the jury: "In order for the plaintiff to recover in this case he must show, by the preponderance or greater weight of the evidence, each and all of the following matters, to wit: * * * 4th. That the plaintiff was justified in abandoning the work of doing said grading, and not completing it as called for by said contract." Again, in paragraph 9 of its instructions, the district court elaborated upon what the appellee must prove in order to show justification of his abandonment of the contract. Manifestly, therefore, there is no basis for the appellant's complaint here. So far as the district court went, the instructions were correct. The appellant did not ask for an elaboration, and, under all the circumstances, he has no just ground for complaint. Albert v. Maher Bros. Transfer Co., 215 Iowa 197, local citation 201, 243 N. W. 561.

■ VI. It is said, however, that the district court erred in submitting the issues to the jury in that it copied the pleadings which were not in conformity with the evidence.

More specifically stated, the appellant's complaint is that the district court told the jury that the appellee claims to have entered into the contract August 6, 1923, and that the work continued until September 20, 1923, when, as a matter of fact, the evidence indicates that the contract was entered into, if at all, on August 13, 1923, and the work was abandoned on September 3, 1923. We

must observe that the district court in this particular instruction was simply setting forth the claims of the parties. Later, in the instructions, the district court stated the issues. Furthermore, the appellant could in no event be prejudicially affected because in stating the claims the district court did not set forth the actual state of the evidence. Following the statement of the claims of the parties, the district court did properly set forth the issues between them.

At this point, the only material proposition is whether more than two weeks expired from the time the appellee commenced the work to the time he abandoned it. Even under the appellant's theory of the evidence, more than the two weeks' period expired; that is to say, it is more than two weeks from August 13, 1923, to September 3, 1923. The jury could not possibly be confused about this. Consequently, when the instructions are read as a whole, there is no prejudicial error under this assignment.

VII. An argument also is predicated upon the proposition that the district court erroneously instructed the jury on the theory of accord and satisfaction.

It is contended by the appellant that the instruction "advises the jury that the debtor (which would be the appellant rather than the city of Creston) must give the amount in satisfaction of his debt, when in truth the law is that accord and satisfaction may be had if any person pays the debt and such payment is accepted by the creditor in satisfaction". This instruction is erroneous, the appellant insists, because under the issues the accord and satisfaction was made, not by the appellant, the debtor, but by the city of Creston, as before explained. When instructing the jury, the district court did say in instruction No. 10 that "an accord and satisfaction is defined as an executed agreement whereby one of the parties undertakes to give, and the other to accept, in satisfaction of a claim arising either from contract or tort, something other or different from what he is or considers himself entitled to. To constitute a binding accord and satisfaction, not only must it be shown that the debtor gave the amount in satisfaction, but that it was accepted by the creditor as such."

At this point, the district court was stating an abstract proposition of law. Later in the very same instruction reference was made to the city of Creston, and the jury were plainly told that, if the city of Creston paid the appellee something in satisfaction of the debt now sought to be collected from the appellant, there would be

an accord and satisfaction.

◼ VIII. Moreover, the appellant complains because the district court did not properly instruct the jury concerning its counterclaim. A careful consideration of the instructions on this subject indicates that there is no merit to this objection. Full instructions were given on the theory of the counterclaim. The counterclaim was based upon: First, the negligent performance of the work; and, second, the failure to complete the work.

In order for the appellant to recover on its counterclaim, it was necessary that the appellee fail in his proof on his cause of action. Accordingly, when instructing the jury, the district court said that the appellee could not recover unless he did the work "substantially in accordance with the terms of the said contract and substantially in accordance with the plans and specifications furnished by the city engineer of Creston, Iowa, for the doing of such grading." Consequently, so far as the negligent doing of the work is concerned, the court's instructions were sufficient because the jury were emphatically told that the appellee could not recover if he did not do the work substantially in accordance with the contract and substantially in accordance with the plans and specifications. See Stratmeyer v. Hoyt, 189 Iowa 85, 174 N. W. 243; Scott v. Peoples Monthly Co., 209 Iowa 503, 228 N. W. 263, 67 A. L. R. 413. If the work were done substantially in accordance with the contract and substantially in accordance with the plans and specifications, there could be no negligence in the performance thereof. Manifestly, therefore, under the appellant's first division of its counterclaim, there can be no recovery for negligence, as distinguished from a breach of contract because the appellee failed to do the work in the manner and way demanded by the contract and the plans and specifications. Russell & Co. v. Polk County Abstract Co., 87 Iowa 233, 54 N. W. 212, 43 Am. St. Rep. 381; National Surety Co. v. Long, 125 F. 887 (8th C. C. A.) ; Mahrt v. Mann, 203 Iowa 880, local citation 883, 210 N. W. 566; 13 Corpus Juris 674. During the discussion in Russell & Co. v. Abstract Co., supra, reading on page 239, we said:

"In the case at bar the defendant, independent of the contract, owed no duty to the plaintiff. The neglected duty was one alone enjoined by contract. The failure to perform by the defendant was a failure to discharge its agreement, which is solely a breach of contract. No refinement of reasoning can or should avoid the

conclusion. The fact that the act is alleged as negligently done does not change the situation. It is an allegation only as to the manner of making the breach. The liability of the defendant company in no way depends on the fact of negligence."

After instructing the jury in harmony with that theory, the district court in the case at bar then consistently proceeded to instruct it on the appellant's right to recover on its counterclaim in the event the appellee did not do the work substantially in accordance with the contract and the plans and specifications.

In the second place, if the appellee sustained his cause of action, there would be no basis for the appellant's counterclaim based upon the failure of the appellee to complete the work. Under the appellee's evidence, the work was not completed by the appellee because of the appellant's default. So if the appellant in fact was in default, and the appellee thereby was justified in abandoning the work, no counterclaim could be predicated upon the failure of the appellee to do the work. Following its instructions in that regard, the district court then consistently proceeded to instruct the jury on the theory of the appellant's right to recover on its counterclaim in the event that the appellee was not justified in abandoning the contract.

No error, therefore, appears because of the district court's instruction on the appellant's counterclaim.

Other errors are assigned, but a careful and painstaking consideration of them fails to reveal any basis for the reversal of the judgment of the district court.

Therefore the judgment of the district court must be, and hereby is, affirmed.—Affirmed.

CLAUSSEN, C. J., and EVANS, STEVENS, ALBERT, ANDERSON, KINTZINGER, and DONEGAN, JJ., concur.

MITCHELL, J., takes no part.