## PIXLER v. NICHOLS.

Where one party hires himself to another for a given period of time, and leaves the service before the expiration of the term, without any fault on the part of the employer, the former may recover the value of the services performed, as upon a *quantum meruit,* without showing that he performed his entire contract, or that he left the service of his employer, for good cause.

But in such a case, where the contract is broken by the fault of the party employed, after part performance has been received, the employer is entitled, if he so elect, to set up in defense, the breach of the contract, for the purpose of reducing the damages, or showing that nothing is due, and to deduct what it will reasonably cost to procure a completion of the whole service, as well as any damages sustained by reason of a non-fulfilment of the contract.

And in such a case, if it is found that the damages are equal to, or greater than, the value of the services rendered, and that the employer, having a right to the performance of the whole contract, has not received any beneficial service, the employed is not entitled to recover.

Where in an action to recover for work done and performed, it appeared that the plaintiff was hired by the defendant, to labor for him for the term of six months, and that he left the service of the defendant at the expiration of four months, and thereupon the court was asked to instruct the jury as follows : " 1. If the plaintiff hired to the defendant for the term of six months, and left the service of the defendant, without cause, before the expiration of the time, he has no claim upon the defendant for the services rendered. 2. If the plaintiff hired to the defendant for the term of six months, and left the service of the defendant, without cause, before the expiration of the time, he cannot recover anything for his services, although the defendant had paid plaintiff a part of his wages, during the continuance of the service "—which instructions the court refused to give ; *Held,* That the instructions were properly refused.

*Appeal from the Clayton District Court.*

THURSDAY, APRIL 7.

THE plaintiff sued the defendant, before a justice of the peace, for sixty-four dollars, for work done and performed for defendant, at his instance and request. The defendant denied owing the plaintiff anything, and pleaded a set-off of

seven dollars, for cash paid to plaintiff. On the trial before the justice, judgment was rendered for the defendant. On appeal to the district court, the testimony was that the plaintiff was hired by the defendant to labor for him for the term of six months, and left the service of the defendant at the expiration of four months.

The court was asked by the defendant to charge the jury, that: 1. If the plaintiff hired to the defendant for the term of six months, and left the service of defendant, without cause, before the expiration of the time, he has no claim upon the defendant for the services rendered. 2. If the plaintiff hired to the defendant for the term of six months, and left the service of the defendant, without cause, before the expiration of the time, he cannot recover anything for his services, although the defendant had paid plaintiff a part of his wages, during the continuance of the service. The court refused so to charge the jury, and a verdict was returned for the plaintiff for $57, for which judgment was rendered. The defendant appeals.

*Williams & Peck* and *J. O. Crosby*, for the appellant, cited 1 Parsons on Contracts, 522, and cases there cited.

*Noble & Drummond,* for the appellee, relied upon *Britton* v. *Turner,* 6 New Hamp., 497; *Epperly* v. *Bailey,* 3 Ind., 73; *Pierson* v. *McKibben,* 5 Ib., 262; *Coe* v. *Smith,* 4 Ib., 79; *Eyser* v. *Weisgerber,* 2 Iowa, 463; *Champlin* v. *Rowley,* 18 Wend., 187; *Davis* v. *Fish,* 1 G. Greene, 406.

STOCKTON, J.—We think the instructions were rightfully refused. If the parties had expressly agreed, that if the plaintiff left the service of the defendant, before the expiration of the time limited, nothing was to be considered as earned by him, there could be no doubt that the plaintiff could not recover. But where all that is shown is, that upon an agreement to labor for six months, the plaintiff labors four months, and refuses to labor any longer, and sues for the value of the labor performed, we think he is entitled to re-

cover, as upon a *quantum meruit ;* and need not, as a condition precedent, first show that he had performed his entire contract, or that he left the service of his employer upon good cause.

We are satisfied with the rule established in *Britton* v. *Turner*, 6 N. H. 481, giving its full weight, for the protection of the employer in such cases, to the qualifying rule, that where the contract is broken by the fault of the party employed, after part performance has been received, the employer is entitled, if he so elect, to put the breach of contract in defense, for the purpose of reducing the damages, or showing that nothing is due, and to deduct what it will reasonably cost to secure a completion of the whole service, as well as any damage sustained by reason of the non-fulfilment of the contract. If, in such case, it is found that the damages are equal to, or greater than, the value of the labor performed, and that the employer, having a right to the performance of the whole contract, has not received any beneficial service, the plaintiff is not entitled to recover.

Judgment affirmed.