## CORWIN V. WALLACE.

1. **Res adjudicata**: CONTRACT: ACCEPTANCE. In an action on a contract for building a house for and on the land of the defendant, the defense was non-performance by the plaintiff — verdict and judgment for the defendant. In an action on a *quantum valebat* for the same material and labor, it was alleged that, since the trial of the former action, the defendant had accepted the work and entered into the possession of the building. *Held,* that if the defendant accepted the work, the former judgment would not conclude the parties as a prior adjudication; but that such acceptance was not manifested by mere use and occupation.

2. **Measure of damages**: QUANTUM VALEBAT. In an action upon the *quantum valebat,* for materials furnished and labor performed under a special contract, the measure of damages is the contract price less the payments made thereon and the damages sustained by reason of the non-performance thereof.

*Appeal from Muscatine District Court.*

MONDAY, DECEMBER 5.

ACTION to recover the price and value of work done and materials furnished in the erection of a house, in which the plaintiff recovered judgment for $487.69, and the defendant appeals. The remaining facts will sufficiently appear in the opinion of the court.

*Richman & Karskaddan* for the appellants.

*D. C. Cloud* for the appellee.

LOWE, J. — This is a second suit for the same cause of action substantially, but brought in a different manner.

Corwin v. Wallace.

**1. RES AD-JUDICATA: contract: acceptance.** The first was on a special contract in writing, in which the plaintiff had, for the consideration of $1,100, covenanted to furnish the material and build a house, agreeably to a prescribed plan and style. He also, in the same suit, sought to recover the price for some extra work and material. On the trial, he failed to show the performance of the extra work, as well as the full execution of his special contract, and in that condition of the pleadings and evidence the jury was charged, in effect, that he could not recover at all, unless they found also from the evidence that the defendant had accepted the work in its defective condition. The trial resulted in a verdict and judgment against the plaintiff. Afterwards the defendant did accept the building as constructed, entered into, used and occupied the same. The plaintiff then commenced this, his second action, to recover the value of his work and material as upon a *quantum valebat.* Among other defenses, the defendant pleads a former adjudication of the same subject matter, or cause of action; and at the trial the court was asked to say to the jury, in substance and effect, that if they found from the evidence that the work and material sued for in this action was the same that constituted the cause of action in the former suit, the plaintiff could not recover. This charge was asked to be given in the shape of various instructions, differing in form and phraseology, and they were refused, and the following given in lieu thereof:

"With regard to a former adjudication, in case you find for the defendant on that plea, a further inquiry will be unnecessary. Upon this point you are instructed that if you find the labor and materials furnished, for which pay is claimed in this suit, is the same labor and material furnished in the building of the house described in the proceedings in the former suit, yet if, up to and at the time of the former suit, the defendant had refused to accept the

house, and that he has since entered into and taken possession of the house, the former adjudication will not preclude the plaintiff in this suit from recovering what the labor and materials furnished were worth, less all damages for a failure to complete the house according to the terms of the contract, and also less all payments made on the contract."

The giving of this instruction, and the refusal of those asked by the defense, are assigned for error. Now, it will be observed, that the court recognized the doctrine of a former adjudication as a good defense, and did not, in all probability, reject the defendant's instructions, because they did not contain the law in its usual application upon that subject, but because they had been drawn without reference to the supposed altered position of the parties and the particular circumstances of the case. The records of the former suit have been made evidence in this, and was before the court. From these it appeared that the court, in its charge to the jury in the first suit, made the non-acceptance of the work by the defendant (because not done according to contract) a prominent reason why the plaintiff should not recover anything in that action. Since then it is said the defendant has concluded to accept, enter into possession of, and enjoy the use of said house. This, we suppose, in the mind of the court, introduced a new element in the controversy, and so changed the relative rights and condition of the parties as to afford a new cause of action; assimilating it perhaps, in principle, to the case where suit had been brought upon a note before maturity, the plaintiff fails because no cause of action had accrued, but a subsequent suit would not be barred on that account, upon the same note when due. So a special contract to build a house for a given price would not, at least at common law, be the ground of an action in favor of the builder until he had performed his contract in the manner and style stipulated. But the difficulty of the instruction given by the court

above set forth, and which is excepted to, is, that it confounds the ordinary use and possession of the house in question by the defendant, with the true legal idea of an acceptance. If there was such an acceptance, then we are of the opinion that this second suit for the same cause of action may, under the circumstances of this case, be maintained; but such acceptance is not manifested alone by use and occupation, for the reason that the house was built upon the defendant's land, became incorporated with the realty, and the property thereof vested *nolens volens* in him. He had no choice but to use it, whether built according to contract or not, and such use, under protest, accompanied with complaint that the contract had not been performed by the undertaker, would not be a waiver of his right to insist upon the due execution of the contract. Whereas, on the other hand, if he should take possession without objection, making no complaint, or under any other circumstances indicating acquiescence, it would be deemed a waiver of the non-execution of the contract, and evidence of an acceptance. The rule upon this subject, which commends itself to our favor and approval, is very well stated and laid down in the case of *Wilson* v. *School District No. 4*, 32 N. H. R., 118. Now, the instruction under consideration fails to present to the jury, as it should have done in our opinion, the distinction between possession and acceptance as above explained, and to that extent is faulty and erroneous. Yet we are not impressed with the idea, in looking through the whole record, that any substantial prejudice or injustice has been done to the rights of the defense, and it may be, under the requirements of § 2978, we would be justified in overlooking the same. Still, as we must reverse this case upon another and distinct question, it is proper we should point out the irregularity, that it may be avoided in a subsequent trial, should one occur.

There is an error complained of, however, which we are

constrained to recognize and set right. It was the over-

2. MEASURE OF DAMA-GES: quan-tum valebat ruling of the defendant's motion for a new trial, made upon the ground, among other things, that the verdict of the jury was excessive. Although the plaintiff had sued for the value and price of his work and material, as upon a *quantum valebat*, yet the court and jury were shut up to the measure of damages fixed by the parties themselves in the written contract. This was $1,100 for the entire work, when done substantially as agreed upon in the contract. We find no proof whatever of any extra work being done, or any change in the manner of doing the work which would increase the expense, hence there was no occasion to go beyond the terms of the contract to estimate the value of that which was done. Evidence to the effect, by some of the witnesses, that the house built and material furnished was worth more than the contract price, should have found no place in the consideration of the jury. They were expressly, and yet very properly instructed by the court, that, in fixing the value of the labor and materials furnished, they were to be governed by the *contract price*, so far as the same may be traced. Now there is no material controversy about the amount which the defendant had paid during the progress of the work. It was $742.49. To this is to be added the damages which the defendant suffered from the non-completion of the contract, and its defective execution. A careful analysis of the opinions of the various witnesses on these two points, cannot vary the amount much, if any, from $125. The aggregate of these two sums taken from the contract price ($1,100) leaves $232.51. Five years' interest, $69.75, added to this, gives $302.20, about the amount due the plaintiff, instead of the $487.69, for which a judgment was rendered. The same will therefore be reversed, and the cause remanded for a new trial, unless both parties will

consent that a judgment may be rendered for the sum above specified, namely $302.26.

Reversed.