## McCLAY v. HEDGE.

1. **Contract:** BREACH: QUANTUM MERUIT. A party cannot recover upon a contract when he has failed to perform his part thereof, where the adverse party has neither waived, prevented nor dispensed with such performance; but the party may recover for services performed under such contract upon the *quantum meruit*, the defendant having the right to set up against the same any damages sustained by reason of such non-performance.

2. **Evidence:** INTERROGATORY. An interrogatory to a witness based upon the evidence of another witness, as to a contract, should state such evidence, and not rest upon the construction which the witness may place upon such contract.

3. ——— ASSUMPTION OF FACT. An interrogatory to a witness which assumes a fact which is disputed, or asks the witness to construe a contract in controversy, is objectionable.

*Appeal from Polk District Court.*

TUESDAY, DECEMBER 20.

ACTION ON CONTRACT. — The cause was referred to F. C. D. McKAY, Esq., as a referee, who reported that the

plaintiff agreed to build for the defendant a barn, shed and corn-crib, under a special contract, for one hundred and five dollars, and to have it completed by a specified time. That the plaintiff "failed to complete the barn by the contract time, and also, failed to do all of said job in a good and workmanlike manner," and he specifies certain particulars in which the failure consisted; after which the referee further finds, "that it is worth and will cost the sum of $27 to make the work above enumerated good," that is, comply with the contract; that defendant has paid plaintiff $55 to apply on the $105 (the contract price), leaving due to the plaintiff $23, for which he finds the plaintiff entitled to recover. This report was confirmed, judgment rendered accordingly, and the defendant appeals.

There was no finding that the parties agreed that the plaintiff should recover nothing if he failed to perform his contract.

The other questions made, and the facts relating thereto will be stated in the opinion.

*S. Sibley* for the appellant.

*Dorr & Bartle* for the appellee.

DILLON, J.—I. This cause does not involve much in amount, but yet presents a legal question of the highest

1. CON-
TRACT:
breach:
quantum
meruit.
importance, and one in relation to which the best jurists and the ablest legal thinkers almost radically differ. It is found by the referee that the plaintiff has not performed *in full* his contract. It is not found that the defendant waived, prevented or dispensed with its performance. Not having performed the special contract, he cannot recover (so all of the authorities agree) on the contract. *Eyser* v. *Weissgerber*, 2 Iowa, 463, 483, and cases cited; *Corwin* v. *Wallace*, 17 Id., 374, referring to previous adjudication of same case. The controversy is, whether

in such a case he may recover as upon a *quantum meruit.* This question was settled in this State by the case of *Pixler* v. *Nichols*, 8 Iowa, 106, which distinctly recognized and expressly followed the case of *Britton* v. *Turner*, 6 N. H., 481. That celebrated case has been criticised, doubted and denied to be sound. It is frequently said to be good equity, but bad law. Yet its principles have been gradually winning their way into professional and judicial favor. It is bottomed on justice, and is right upon principle, however it may be upon the technical and more illiberal rules of the common law, as found in the older cases. With the known and natural disposition of courts and juries to disfavor the cause of him who has broken his contract, and yet seeks a recovery, and with the limitations stated in *Pixler* v. *Nichols*, the application of this rule will not be found practically to work injustice to the employer or contracting party, who is without fault. This rule will apply to such cases as the one under consideration, a formal acceptance of the work, or an acquiescence in the breach, is not necessarily essential to a recovery. But the defendant contends that the plaintiff can only recover so much of the contract price as remains after deducting what it will cost to make and complete the work as he agreed. Granted. The report of the referee shows that he recognized this sale by deducting from the contract price what it was worth and would cost to complete the contract work.

II. The defendant insists, however, that the referee violated this rule, and therefore erred in certain rulings made, excluding testimony offered by him on the trial.

2. EVI-
DENCE:
interroga-
tory.

On the trial the defendant inquired of a witness, a carpenter by trade, "what it would cost to make the barn a good and workmanlike job, according to the contract testified to by the plaintiff?" This was objected to by the plaintiff, and the objection was sustained. One fault with

the question consists in this, that it requires the witness to put his own construction upon the plaintiff's testimony as to the contract. If the question had correctly recited the testimony of the plaintiff in reference to the contract, the inquiry made would doubtless have been proper if it was a conceded fact that the barn was not, as it was left by the plaintiff, a good and workmanlike job. See *Grinnell v. M. & M. R. R. Co., infra.*

The referee also refused to allow the same witnesses to testify "what it would be worth to make the roof of the barn a good one." The appellant has not seen fit to bring before us the whole evidence; this might show that it was a disputed question on the trial, whether the roof was or was not a good one; and if so, the interrogatory was objectionable in *assuming* that the roof built by the plaintiff was a *bad* one. The same principle applies to the inquiry made of the witness in relation " to the cost of making the shed a good and workmanlike job." And so with reference to the other inquiry : " What would it cost to make the frames of the doors as the plaintiff agreed to make them ?" This question, like the first one above noticed, was exceptionable : 1. Because it asked the witness to *construe* the plaintiff's agreement; and, 2. Because it *assumes* that the plaintiff did not comply with his agreement in this respect.

*2. — Assumption of fact.*

In the absence of the whole testimony, and especially in view of the referee's report deducting from the amount of the plaintiff's recovery the cost of completing the work according to the contract, it is fairly inferable, that these questions were rejected, not upon their merits, but in consequence of the *form* in which they were framed. The substance of these, for aught the record discloses to the contrary, may have been testified to by the same witness in answer to proper questions, as it is certain from the report

that the matters thus inquired about were testified to by witnesses and considered by the referee.

Perceiving no error which will justify us in reversing the judgment in a cause which appears to have been very carefully tried, and wherein justice seems to have been done, the judgment of the District Court is

Affirmed.

COLE, J., having been of counsel in the court below, did not sit in the case.