EDGAR PORTER v. N. O. WHITLOCK, Appellant.

**Contract of employment:** BREACH: MEASURE OF RECOVERY. Where an employee suing for the reasonable value of services performed under a written contract, terminated prior to its full performance, expressly alleged that the contract price was the fair and reasonable value of the service performed, an instruction that he could recover on the basis of the contract price, less damages for the breach of the contract, was proper, there being no. contention that the service was worth less than the contract price.

**Same:** EVIDENCE: PREJUDICE. Where an action for the reasonable value of services rendered in part performance of a contract was submitted on the theory that the reasonable value was the contract price, as alleged, and the court directed an allowance of the reasonable value without reference to the contract, any error in permitting evidence of the reasonable value, based upon the contract, was not prejudicial.

**Same:** INSTRUCTION: PREJUDICE. Where the allowance of an employee's claim for the reasonable value of services was not more than the amount claimed by him, which he alleged to be the contract price, failure to instruct that the allowance should not exceed the amount claimed in the petition was not prejudicial.

**Same.** Where defendant, in a suit for personal earnings, pleaded certain items defensively as a setoff, and also affirmatively as a counterclaim, and the court directed their consideration as an affirmative defense, and to allow as setoff such sum as might be due defendant thereon, and it was evident from the verdict that some amount was allowed defendant on these items, a failure to instruct with reference to the same as a basis for a counter-claim was not prejudicial.

**Evidence of character in civil action:** EXCLUSION: INSTRUCTION. Ordinarily evidence of good character is not admissible in behalf of a defendant in a civil suit charged with a legal wrong, as raising a presumption that he did not do the wrong; still if improperly excluded as applied to the instant case there was no prejudice, as the court in withdrawing the evidence told the jury to consider his reputation good.

**Same.** In a suit for services in part performance of a contract termi-

nated on the ground of defendant's immoral conduct, in which there was no evidence that the service would have exceeded in value the contract price, and the verdict was unaffected by any consideration of the ground which plaintiff may have had for terminating the contract, and nothing to show that the jury found defendant guilty of immoral conduct, an instruction directing the jury not to consider the defendant's evidence of his good conduct was not prejudicial.

**New trial:** IMPEACHMENT OF VERDICT. A verdict can not be impeached by the affidavit of a juror that matters in evidence were considered by the jury in a manner not justified by the instructions; nor is it competent in this manner to show that the jury misunderstood the law.

*Appeal from Monroe District Court.*—HON. D. M. ANDERSON, Judge.

WEDNESDAY, APRIL 7, 1909.

ACTION to recover for the value of services rendered by plaintiff to defendant in part performance of a contract of employment. Items were set off and counterclaimed for defendant. There was a verdict for plaintiff, and from judgment thereon, defendant appeals.—*Affirmed.*

*John T. Clarkson,* for appellant.

*W. E. Giltner,* for appellee.

McCLAIN, J.—Plaintiff entered into defendant's employment as a farm laborer, under a written contract specifying a rate per month of compensation for one year, with free rent of a house, to be occupied by plaintiff and his family, on defendant's premises. At the end of about six months the plaintiff terminated the employment, and left the premises, for the alleged reason that defendant had made improper proposals to, and attempted indecent liberties with, plaintiff's wife in the house occupied by plaintiff under the contract. Plaintiff sues for the rea-

sonable and fair value of the services rendered by him while in defendant's employment "in accordance with the terms of said contract," and for other items of indebtedness from defendant to plaintiff. The defendant by way of set-off, and also as the basis for a counterclaim, alleged certain items of indebtedness of plaintiff to him, including damages for breach of contract, and for negligence in rendering the services for which plaintiff seeks recovery. The jury awarded to the plaintiff a less amount than claimed, and from judgment for the amount awarded, defendant appeals.

I. Although the action was specifically for the fair and reasonable value of services, and not on the special contract (as was recognized by the court in one instruction), the court told the jury that, if defendant gave plaintiff any cause for quitting his services, plaintiff would be entitled to recover the contract price, subject to any damages that defendant sustained by reason of plaintiff's quitting said employment, and it is contended for appellant that in this there was error, for the measure of recovery under the issues would be the fair and reasonable value of the services rendered, and not the contract price. Plaintiff had a right, however, to recover for the services rendered at the rate specified in the contract of employment, less the damages by reason of breach of contract, if he terminated the employment before the expiration of its term, and he expressly alleged the contract price as the fair and reasonable value of his services for the time during which the employment continued, so that there was no error in directing the jury to find for plaintiff on the basis of the contract price, less damages for breach of the contract. *Byerlee v. Mendel,* 39 Iowa, 382; *Thompson v. Brown,* 106 Iowa, 367. There was no contention, on the part of defendant, that plaintiff's services were fairly and reasonably worth less than the contract

1. CONTRACT OF EMPLOYMENT: breach: measure of recovery.

price, and there could have been no prejudice to defendant in accepting that as the proper measure of value.

II.   Witnesses were asked, in behalf of plaintiff, to testify as to the reasonable value of services such as those contracted to be rendered by plaintiff to defendant under the conditions named in the contract, and appellant complains of the action of the court in overruling objections to this testimony.   If the witnesses had testified to a value greater than that specified in the contract as the rate of compensation to be paid, the ruling would no doubt have been prejudicial error, for the jury was instructed to allow plaintiff such sum as his services were shown to be reasonably and fairly worth, no reference being made in this instruction to the contract price or the amount claimed in plaintiff's petition.   But the witnesses testified to a value of services substantially the same as that fixed in the contract, and no prejudice could have resulted to the appellant.   Counsel for plaintiff evidently offered this evidence on the theory that it was necessary to show that the rate of compensation fixed in the contract was the reasonable and fair value of the services rendered, and the case was certainly not tried nor submitted to the jury on any theory that would warrant an allowance by the jury of more than the contract price.

*2. SAME: evidence: prejudice.*

This suggestion also disposes of the claim that the court erred in failing to direct the jury that the verdict should not exceed the amount of plaintiff's claim as made in his petition.   There is not the slightest ground for suspecting that the jury was misled in this respect, for it is perfectly evident from the record that the allowance for services rendered did not exceed the amount claimed by plaintiff on that account.

*3. SAME: instruction: prejudice.*

III.   All the items of claim in favor of defendant against the plaintiff were pleaded defensively by way of set-

off, and also as a ground for affirmative relief by way of
counterclaim. The court directed the jury
to consider these matters by way of affirma-
tive defense, and to allow as set-off such sum as the evi-
dence showed to be due from plaintiff to defendant on
account of such items. As the jury returned a verdict in
favor of plaintiff, there could have been no error preju-
dicial to the defendant in failing to instruct with reference
to these same items as a basis for a counterclaim. It is
evident from the verdict that some amount was allowed to
defendant on account of these items, and he has no ground
of complaint with reference to the instruction.

4. SAME.

IV. On the issue as to whether there was such im-
proper conduct of defendant towards plaintiff's wife as to
justify plaintiff in removing his family from the house
and refusing to complete the term of em-
ployment contracted for, defendant was al-
lowed, over plaintiff's objection, to intro-
duce evidence tending to show that his gen-
eral character for chastity in the community was good.
The court in one of its instructions withdrew this evidence
from the consideration of the jury, assigning as a reason
that defendant's character for chastity was not involved in
the suit, and directed the jury to consider that for the pur-
poses of the case defendant's reputation for chastity was
good. In general evidence is not admissible in behalf of
defendant in a civil suit, charged with a legal wrong, to
show good character as tending to raise a presumption or
inference that he did not do the act charged. *Stone v.
Hawkeye Ins. Co.*, 68 Iowa, 737. Exceptions to this rule
have been recognized in particular cases, but the grounds
of such exceptions are not very well defined. 3 Elliott,
Evidence, section 2001; 1 Wigmore, Evidence, section 64.
Without now determining whether in such a case as this
defendant was entitled to have evidence of his good char-
acter for chastity submitted to the jury, we think it clear

5. EVIDENCE OF
CHARACTER
IN CIVIL
ACTIONS:
exclusion:
instruction.

that he has no ground of complaint, for the court substituted the presumption of good reputation in this respect for the affirmative evidence; and, as there was no evidence to the contrary, the jury could not have failed to give the presumption as great weight as the affirmative evidence would have been entitled to.

The question whether plaintiff had good reason to leave defendant's employment before the end of his term could have affected the amount of recovery in no other way than to deprive the defendant of the right to set off damages suffered by reason of the refusal of defendant to complete his term of service, but on this question the only issue submitted to the jury was as to whether the services of which defendant was deprived would have been worth more to defendant than the contract price. As there was no evidence whatever tending to show that plaintiff's services would have been worth more to defendant than the amount which he had contracted to pay therefor, the amount of the verdict could not have been affected, under the instructions, by any consideration depending upon the reasonable ground which plaintiff may have had for terminating the employment, and there is no reason to believe that the jury found defendant guilty of improper conduct toward plaintiff's wife. Plainly there was no prejudicial error in directing the jury not to consider the evidence relating to defendant's character for chastity.

6. SAME.

V. In support of a motion for a new trial defendant offered the affidavit of a juror that in deliberating upon the questions involved in the case the jury arrived at the unanimous opinion and conclusion that the statement which plaintiff's wife made to him as to defendant's improper conduct towards her would warrant him in leaving defendant's employment regardless of whether defendant had conducted himself as she reported, and that upon this theory the

7. NEW TRIAL: impeachment of verdict.

jury agreed that the plaintiff was warranted in leaving the employment of defendant, and that it mattered not whether defendant had in fact been guilty of improper conduct. No such conclusion was justified from the instructions of the court, and it was not competent by the affidavit of a juror that improper considerations had thus been taken into account to impeach the verdict. The grounds upon which the jurors assent to the verdict, where there has been no misconduct in bringing extraneous matters to the jurors' attention, can not be shown to impeach it, nor is it competent in this way to show that the jury misunderstood the law. *Fox v. Wunderlich*, 64 Iowa, 187; *Ward v. Thompson*, 48 Iowa, 588; *Wright v. Illinois & M. T. Co.*, 20 Iowa, 195; *Clark v. Van Vleck*, 135 Iowa, 194; *McMahon v. Iowa Ice Co.*, 137 Iowa, 368. On the whole record there is nothing to justify even a reasonable suspicion that the jury did not fairly consider the case, and return a verdict in accordance with the law and the evidence, and the judgment of the trial court is therefore *affirmed*.