## HARRY PARR v. HUGH PARR.[1]

December 30, 1927.

No. 26,392.

**Plaintiff entitled to recover for his labor in threshing.**

The plaintiff contracted to thresh the grain on two farms of the defendant as soon as it was possible. Before this, as the defendant knew, he had promised to thresh the flax of another. He commenced threshing for the defendant. When the first time fit for threshing flax came, he threshed the flax which he had agreed to thresh, and the defendant obtained a thresher in his place. *Held* that the plaintiff did not commit a breach of an entire contract, and that he was entitled to recover for the work which he did.

Contracts, 13 C. J. p. 693 n. 2.

---

See note in L. R. A. 1916E, 790; 6 R. C. L. 975; 2 R. C. L. Supp. 256; 4 R. C. L. Supp. 447.

---

Defendant appealed from an order of the district court for Marshall county, Grindeland, J. denying his alternative motion for judgment or a new trial. Affirmed.

*Massee & Massee,* for appellant.

*W. O. Braggans,* for respondent.

[1]Reported in 217 N. W. 107.

DIBELL, J.

Action to recover for the threshing of grain. The court directed a verdict for the plaintiff. The defendant appeals from the order denying his alternative motion for judgment or a new trial.

The plaintiff threshed grain for the defendant in the fall of 1926. Frank Parr represented the defendant in the making of the contract. The defendant claims that the contract was an entire one within such cases as Bentley v. Edwards, 125 Minn. 179, 146 N. W. 347, 51 L.R.A.(N.S.) 254, Ann. Cas. 1915C, 882, and Johnson v. Fehsefeldt, 106 Minn. 202, 118 N. W. 797, 20 L.R.A.(N.S.) 1069, and we assume it to be so. His further claim is that the plaintiff breached the contract by quitting the work and cannot recover for what he did. The plaintiff promised that he would do the threshing as soon as it was possible.

The weather was wet and threshing could be done only intermittently. The plaintiff before he made the agreement with Frank had agreed with one Hegman to thresh his flax. Frank knew this. After the plaintiff commenced threshing for the defendant there came a good day for threshing flax, the only one for a long time, and plaintiff moved his rig and crew and threshed the Hegman flax. The job was small. He promised to return and finish the defendant's grain. The same or next day, however, the defendant got another machine. The plaintiff had not agreed that when he commenced with the defendant's grain he would continue until it was threshed. He was to do it as soon as it was possible. It was understood that he had the Hegman flax to thresh. The plaintiff's moving off the defendant's job and threshing the Hegman flax when a fit time for threshing flax came was not a breach of an entire contract. He was entitled to recover for what he did.

Order affirmed.